IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RHONDA WALTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| CITY OF HUMBOLDT | ) |
| BOARD OF EDUCATION | ) |
| | )         JURY TRIAL |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, RHONDA WALTERS, by and through her attorneys, alleges for her Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against the City of Humboldt's Board of Education for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

**II. THE PARTIES**

**A. THE PLAINTIFF**

2. Plaintiff, RHONDA WALTERS, currently resides in Humboldt, Tennessee and is a citizen of the United States.

3. At times relevant hereto, Plaintiff was an FMLA "eligible employee," specifically under 29 U.S.C. Section 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her qualifying leave.

## B. THE DEFENDANT

4. Defendant is a non-profit located within the Western District of Tennessee, in Gibson County, and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

5. Defendant has 50 or more employees.

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10. Defendant employed Plaintiff for approximately fourteen years, ending as a bookkeeper.

11. At times relevant hereto, Plaintiff had a "serious health condition" which included, *inter alia,* "polycythemia vera," a bone marrow disease, and related depression.

12. These conditions required Plaintiff to take FMLA-qualifying absences from work in 2011 and 2012. These absences, about which Defendant knew, *should* have been designated under the FMLA and thereby protected against any type of negative employment action.

13. Upon information and belief, Defendant did not designate any of Plaintiff's absences under the FMLA in 2011 or 2012.

14. On or about May 30, 2012, Defendant's superintendent, Steve Bayko, notified Plaintiff by letter that her contract for the following school year would not be renewed.

15. Plaintiff met with Bayko to understand precisely why Defendant was, after all these years, suddenly taking this action against her.

16. Superintendent Bayko advised Plaintiff that the school system had given Plaintiff "a year and a half" and was unsure of just "how long it was going to take," a reference to Plaintiff's serious health condition, the related-absences, and the possibility of future occurrences.

17. Defendant's action in not renewing Plaintiff's contract were *because of* her FMLA qualifying absences. Alternatively, Defendant harbored a mixed motive in extinguishing Plaintiff's career.

18. Defendant's action have cost Plaintiff her job, its wages, and benefits. She seeks those damages, liquidated damages due to the willful nature of the act, and her attorneys fees and costs.

## V. COUNT ONE—FMLA INTERFERENCE

19. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, to wit, Defendant did not grant Plaintiff the protection of the FMLA for her absences.

## VI. COUNT TWO – FMLA RETALIATION

20. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-16 herein. By its actions alleged herein, Defendant violated the provisions of

Section 2615(a)(2) of the FMLA by refusing to renew Plaintiff's contract because she exercised her right to FMLA-protected absences under the FMLA.

## VIII. PRAYER FOR RELIEF

21. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D. Reasonable attorneys' fees;

    E. The costs and expenses of this action;

    F. Such other legal and equitable relief to which Plaintiff may be entitled; and

    G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF